## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY
## AT LOUISVILLE

**LESTER WARD**                                                                                           **PLAINTIFF**

**v.**                                                               **CIVIL ACTION NO. 3:08CV-P235-S**

**KENTUCKY DEPARTMENT OF CORRECTIONS et al.**                                    **DEFENDANTS**

### MEMORANDUM OPINION

Plaintiff, Lester Ward, filed a *pro se*, *in forma pauperis* complaint pursuant to 42 U.S.C. § 1983 (DN 1). This matter is before the Court for screening pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997). For the reasons set forth below, the Court will dismiss certain claims and allow other claims to go forward.

### I. SUMMARY OF CLAIMS

Plaintiff is incarcerated at the Kentucky State Reformatory (KSR). He sues the Kentucky Department of Corrections (KDOC) and, in their individual and official capacities, LaDonna Thompson, KDOC Commissioner; Dr. Scott Haas, KDOC Deputy Commissioner; Larry Chandler, KSR warden; and doctors White and F.W. Kemen at KSR. He states that on August 16, 2007, he underwent cardiac catheritization and had two bypass grafts and a new pacemaker surgically implanted and that on September 9, 2007, he was transferred to KSR. He states that on September 17, 2007, he was examined by Dr. White, who informed him that he would not be receiving "medically directed heart-transplant" or treatment. He alleges that he has been denied a cell assignment for a bottom-floor bottom bunk, placing an undue strain on his heart. He further states that on September 26, 2007, he "fell out" in the kitchen and had to be taken to "KSR medical," where he was informed by Dr. White that nothing was wrong with his heart "despite being given 2 nitro pills." He alleges that as of September 27, 2007, he had not

seen a cardiologist for post-operative review as recommended by the University of Kentucky doctors who performed his surgery.

Plaintiff further states that on October 23, 2007, he had chest pains and was sent to Baptist Hospital Northeast where a doctor, Dr. Lawrence, instructed that he be admitted to the ICU.  However, Plaintiff alleges, Dr. Kemen ignored Dr. Lawrence's orders and returned Plaintiff to KSR.  Plaintiff further states that an appointment was made on November 19, 2007, by Dr. Rahman for Plaintiff to see a heart specialist due to swelling around the surgical area and because of blocked arteries and/or bypass grafts of Plaintiff's heart.  However, Plaintiff alleges that on January 25, 2008, he saw Dr. White and was informed by him that Dr. Kemen refused authorization for that appointment.  He states that he continues to experience chest pains, is short of breath, has dizzy spells and numbness, but continues to be refused medical attention for these symptoms "that are in continuum a direct result of the blocked arteries and/or bypass grafts of [his] heart."  He alleges that Defendants have been deliberately indifferent to his serious medical needs related to "known complications associated with his cardiac catherterization as one of the bypass grafts is occluded, causing unnecessary pain, continual deterioration of his health and untimely death."

As relief, Plaintiff wants a declaration that his heart condition is a serious medical need and that Defendants' refusal to treat him is denying him his Eighth and Fourteenth Amendment rights; an order that Defendants cease refusing him treatment; an order granting an independent and impartial medical examination with a report made to the Court of the recommendation for his heart condition and pacemaker maintenance commensurate with what a person in society would receive; and an order directing Defendants to provide that medical treatment without

delay and "hassle free."

## II. ANALYSIS

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the action, if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  *See* 28 U.S.C. §§ 1915A(b)(1) and (2).  A claim is legally frivolous when it lacks an arguable basis either in law or in fact.  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  *Id.* at 327.  While a reviewing court must liberally construe *pro se* pleadings, *Boag v. MacDougall,* 454 U.S. 364, 365 (1982) (per curiam), to avoid dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its face."  *Bell Atlantic Corp. v. Twombly*, ___ U.S. ___, ___, 127 S. Ct. 1955, 1974 (2007).

**A.     Claims against KDOC**

Title 42, United States Code, section 1983 provides in pertinent part as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the district of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

"Section 1983 creates no substantive rights, but merely provides remedies for deprivations of rights established elsewhere."  *Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001).  As such, it has two basic requirements:  (1) the deprivation of federal statutory or constitutional rights by (2) a person acting under color of state law.  *See id.*; *see also West v. Atkins*, 487 U.S.

42, 48 (1988).

KDOC is a department within the Justice and Public Safety Cabinet of the Commonwealth of Kentucky. Exec. Order No. 2004-730 (July 9, 2004); Ky. Rev. Stat. Ann. § 12.250. A state and its agencies, however, are not "persons" subject to suit under § 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989); *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994). Because KDOC is not a "person" under the Act, the Court will dismiss the claims against KDOC for failure to state a claim upon which relief may be granted.

Additionally, the Eleventh Amendment[1] acts as a bar to all claims for relief against KDOC. A state and its agencies, such as KDOC, may not be sued in federal court, regardless of the relief sought, unless the state has waived its sovereign immunity under the Eleventh Amendment or Congress has overridden it. *Puerto Rico Aqueduct and Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 146 (1993); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 124 (1984); *Reid v. State of Tennessee*, No. 94-6199, 1995 WL 619964, at *1 (6th Cir. Oct. 20, 1995) ("Eleventh Amendment immunity extends to the Tennessee Department of Corrections, as a judgment against it would restrain the state from acting or compel it to act."). In enacting § 1983, Congress did not intend to override the traditional sovereign immunity of the states. *Whittington v. Milby*, 928 F.2d 188, 193-94 (6th Cir. 1991) (per curiam). Accordingly, the Court also will dismiss all claims against KDOC for lack of subject matter jurisdiction.

---

[1] The Eleventh Amendment to the United States Constitution provides, "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State."

**B.      Claims against Defendants Thompson, Haas, and Chandler**

Plaintiff's complaint makes no allegations against Defendants Thompson, Haas, and Chandler. A complaint filed under § 1983 must show a causal connection between the named Defendants and the alleged constitutional deprivation. A § 1983 complaint must allege that specific conduct by Defendants was the proximate cause of the constitutional injury. *King v. Massarweh*, 782 F.2d 825, 829 (9th Cir. 1986). "Congress did not intend § 1983 to attach where causation is absent." *Deaton v. Montgomery County, Ohio*, 989 F.2d 885, 889 (6th Cir. 1993). To establish causation, Plaintiff must adduce "an affirmative link . . . [a] moving force that animated the behavior . . . that resulted in the constitutional violations alleged." *Id.* When the theory of causation is a matter of pure speculation and is nothing more than a hypothetical argument, the pleadings are insufficient to sustain a compensable § 1983 claim. *Horn v. Madison County Fiscal Court*, 22 F.3d 653, 659 (6th Cir. 1994).

In the present case, Plaintiff's complaint is completely void of any allegations of a deprivation by these Defendants. It is also void of any causal connection between these Defendants and any wrongdoing.

Plaintiff's complaint does identify these Defendants as the Commissioner, Deputy Commissioner, and Warden, respectively. Assuming that these Defendants have supervisory roles over Drs. White and Kemen is to no avail to Plaintiff. The doctrine of respondeat superior does not apply in § 1983 actions to impute liability onto supervisors. To find a supervisor liable, the Plaintiff must allege that the supervisor authorized, approved of, or knowingly acquiesced in the alleged misconduct. *Lillard v. Shelby County Bd. of Educ.,* 76 F.3d 716, 728 (6th Cir. 1996). Because Plaintiff has failed to allege that these Defendants were in any way personally involved

in his care, Plaintiff fails to state a claim against them.

Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, the Court cannot overlook the complete absence of facts to substantiate a legal claim. "A plaintiff will not be thrown out of court for failing to plead facts in support of every arcane element of his claim. But when a complaint omits the facts that, if they existed, would clearly dominate the case, it seems fair to assume that those facts do not exist." *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 437 (6th Cir. 1988). Therefore, all claims against these three Defendants will be dismissed by separate order for failure to state a claim.

### C.     Claims under the Eighth and Fourteenth Amendments

Plaintiff's complaint references both the Eighth and Fourteenth Amendments. State pretrial detainees are shielded from cruel and unusual punishments by the Fourteenth Amendment's Due Process Clause. "A sentenced inmate, on the other hand, may be punished, although that punishment may not be 'cruel and unusual' under the Eighth Amendment." *Bell v. Wolfish*, 441 U.S. 520, 537 n.16 (1979).

Because Plaintiff's complaint indicates that he is convicted and not a pretrial detainee, his claims for deliberate indifference to a serious medical need fall under the Eighth Amendment, not the Fourteenth. Therefore, his claims under the Fourteenth Amendment will be dismissed.

### III. CONCLUSION

By separate order the Court will dismiss Plaintiff's claims against KDOC, Defendants Thompson, Haas, and Chandler, and under the Fourteenth Amendment. The Court will allow Plaintiff's Eighth Amendment claims against Dr. White and Dr. Kemen to go forward. The

development of those claims will be governed by a separate scheduling order. In allowing these claims to go forward, the Court does not pass judgment on the ultimate merits of these claims.

Date:


cc: Plaintiff, *pro se*
     Defendants
     General Counsel, Justice & Public Safety Cabinet, Office of Legal Counsel
4411.009